**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KEITH A. RIDGARD,**

**Plaintiff,**

**vs.** **Case No. 8:12-cv-307-T-27EAJ**

**ALL FLORIDA CO-OP, INC., et al.,**

**Defendants.**
_________________________________/

**ORDER**

**BEFORE THE COURT** are motions to dismiss filed by several Defendants (Dkts. 16, 25, 38). Upon consideration, the motions are GRANTED.

Plaintiff commenced this *pro se* action by filing a rambling, disjointed complaint against some 21 Defendants. Although the factual basis for his claims is largely indecipherable, Plaintiff appears to allege that he was injured on the job and subsequently terminated. He filed a workers compensation claim which was ultimately denied, and he appears to have filed an action in state court which was resolved against him.

Plaintiff then filed an action in federal court against the state court judge who heard his case, a state court mediator, the deputy clerk, the State of Florida, and several other individuals and entities. The case was assigned to Judge Covington, 8:10-cv-2025-T-33AEP, who dismissed the action on grounds of Eleventh Amendment immunity, judicial immunity, and *Younger* abstention.

A year later, Plaintiff filed this nearly identical action. In addition to the former Defendants, Plaintiff added his prior employer, two of its officers, his employer's workers compensation carrier, the insurance adjuster, counsel who represented the workers compensation carrier, Judge Covington, and counsel who represented him in his workers compensation claim and/or the state court case.

**Standard**

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive dismissal, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although *pro se* filings are construed liberally, *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990), *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**Discussion**

Plaintiff alleges that each Defendant is liable for "(a) Obstruction of Justice, (b) Violation of Plaintiff's rights under the ADA, and (c) Fraud." (E.g., Compl. ¶ 8). Even under a liberal construction, Plaintiff has not stated a cause of action for any of these claims.

"[O]bstruction of justice is a criminal charge that does not provide for a private cause of action." *Davis v. Broward Cnty., Fla.*, No. 11–61819–Civ., 2012 WL 279433, at *8 (S.D. Fla. Jan. 31, 2012); *see* 18 U.S.C. § 1510; Fla. Stat. § 843. Although 42 U.S.C. § 1985 authorizes an action where "two or more persons conspire for the purpose of . . . obstructing . . . the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws," Plaintiff has not alleged any facts which would arguably support such a claim.

As for his Americans with Disabilities Act claim, Plaintiff has not alleged any facts to show that he has a disability within the meaning of the ADA. Nor has he identified how any of the Defendants violated his rights under the ADA.

To state a cause of action for fraud, Plaintiff must allege:

> (1) the defendant intentionally made a false statement about a material fact; (2) the defendant either knew the statement was false when he or she made it or made the statement without knowledge of its truth or falsity; (3) the defendant intended the plaintiff to rely on the false statement; (4) the plaintiff relied on the defendant's false statement; and (5) the plaintiff suffered damage as a result of relying on the false statement.

*Bacon & Bacon Mfg. Co., Inc. v. Bonsey Partners*, 62 So.3d 1285, 1288 (Fla. 2d DCA 2011). Further, Fed. R. Civ. P. 9(b) requires Plaintiff to identify:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (quotation omitted). Notwithstanding his contention that multiple documents were "fraudulent," Plaintiff has not identified precisely what false statements were made in each document, what was misleading about those statements, how he relied on those statements, and what the Defendants obtained as a consequence. His fraud claim is therefore subject to dismissal.

Further, Plaintiff's claims against several Defendants are barred by res judicata, which applies "whenever (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." *Shurick v. Boeing Co.,* 623 F.3d 1114, 1116-17 (11th Cir. 2010). In the prior federal action, Judge Covington granted a motion to dismiss filed by Defendants Doris E. Jenkins, Laurie Leon, and Carmen Anrecio. Although final judgment was not entered, "a dismissal with prejudice at any stage of a judicial proceeding[] normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Astron Indus. Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir.

1968);[1] Fed. R. Civ. P. 41(b) (dismissal which does not state otherwise "operates as an adjudication on the merits"). Therefore, Plaintiffs' claims against Defendants Jenkins, Leon, and Anrecio are barred by res judicata.[2] On the other hand, Plaintiffs' claims against the Townsend Defendants do not appear to be barred by res judicata, as they were not parties to the prior action and have not demonstrated that they were in privity with any parties to that action.

Several other defenses bear mentioning. To the extent that Plaintiff is attempting to state a cause of action for legal malpractice, such a claim would appear to be barred by the two year statute of limitations set forth in Fla. Stat. § 95.11(4)(a), as the Townsend Defendants argue. While Plaintiff's claim against Judge Covington is "clearly subject to dismissal upon a plea of judicial immunity," judicial immunity is an affirmative defense which cannot be raised *sua sponte* where, as here, a plaintiff has paid the filing fee and is not subject to 28 U.S.C. § 1915(e)(2). *Mordkofsky v. Calabresi*, 159 F. App'x 938, 939 (11th Cir. 2005). Similarly, although Plaintiff's claims against the State of Florida and its agencies are arguably barred by the Eleventh Amendment, that is not a matter which is raised *sua sponte*. *See Bouchard Transp. Co. v. Fla. Dept. of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996).

**Conclusion**

Accordingly, the motions to dismiss (Dkts. 16, 25, 38) are GRANTED.

(1) Plaintiff's claims against Stolberg & Townsend P.A., Byron Townsend, Gwen Jacobs, Sponsler, Bennett, Jacobs & Adams P.A., Reich & Mancini P.A., and Andrew Reich are

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] "Although Federal Rule of Civil Procedure 8(c) classifies claim preclusion as an affirmative defense, '[d]ismissal by the court sua sponte on res judicata grounds . . . is permissible in the interest of judicial economy where both actions were brought before the same court.' " *Shurick*, 623 F.3d at 1116 n.2 (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)).

DISMISSED without prejudice.

(2) Plaintiff's claims against Doris E. Jenkins, Laurie Leon, and Carmen Anrecio are barred by res judicata and are therefore DISMISSED. The clerk is directed to TERMINATE Defendants Jenkins, Leon, and Anrecio.

(3) Plaintiff is granted leave to file an amended complaint within 21 days, which shall not include his claims against Defendants Jenkins, Leon, and Anrecio.

**DONE AND ORDERED** this 24th day of April, 2012.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copes to:
Counsel of record
Unrepresented parties